Dear Mr. Taffaro, Jr.
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion as to whether the St. Bernard Parish Government ("St. Bernard") may renew a waste disposal contract without competitive bidding.
According to your request, St. Bernard executed a waste and debris removal contract with SDT Waste Debris Removal Services, LLC ("SDT"). SDT was selected pursuant to a Request for Proposals ("RFP"). The original contract between St. Bernard and SDT was for a term of six (6) months, with an option to renew the contract for an additional twelve (12) months. Your request indicates that the twelve (12) month option was exercised by the parties. At some point thereafter, the parties agreed to an additional waste disposal contract without engaging in any RFP or competitive bidding process. It is our understanding that this second contract was essentially identical to the original contract and is set to expire on January 27, 2014. The second contract also contains an option to renew or otherwise extend the contract through July 27, 2016. You ask for our opinion as to whether these contract renewals/extensions comply with Louisiana law.
La.Rev.Stat. 33:4169.1 gives municipalities and parishes the specific authority to address the collection and disposal of garbage and trash. The statute provides, in pertinent part, the following:
 § 4169.1. Municipal and parish authority over collection and disposal of garbage and trash; franchising, permitting, and licensing; assessment and collection of service charge
 A. The governing authority of every parish or municipality shall have the following powers: *Page 2 
 (1) To engage in the collection and disposal of garbage and trash within its jurisdiction in cooperation with, or to the exclusion of, other garbage and trash collectors.
 (2) To grant permits, licenses, exclusive or nonexclusive franchises, or any combination thereof to garbage and trash collectors and disposers. Any exclusive franchise shall be granted only after advertising for bids, reception of bids, and awarding of the contract or contracts in accordance with the public bid laws of the state and other provisions of law.
 (3) To enter into time contracts for the collection and transportation of garbage or trash for a term of up to ten years, and for disposal of garbage or trash for a term of up to twenty-five years.
 (4) To assess a service charge against any person provided any service pursuant to Paragraphs (1) or (2). However, in the parishes of Lafourche, Vermilion, Rapides, and Washington, such charge shall be imposed only after the question of its imposition has been submitted to the qualified electors of the parish at an election to be conducted in accordance with the general election laws of the state, and a majority of those voting in the election shall have voted in favor of the imposition of the charge.
 (5) To otherwise regulate the collection and disposal of garbage and trash.
 * * *
Our office has interpreted or otherwise referenced this statute on a number of prior occasions. See generally Attorney General Opinion Nos. 09-0087, 03-0374, 97-239, 97-205 and 96-130. In general terms, it has consistently been our opinion that unless such garbage contracts are structured as exclusive franchises, they may be awarded by negotiation rather than by a public bid process, subject to the limits on the maximum term of such contracts as set forth in La.Rev.Stat. 33:4169.1.
Thus, following the specific language of La.Rev.Stat. 33:4169.1 and the prior opinions of this office, if the contract executed by and between St. Bernard and SDT is a "non-exclusive franchise," then such a contract may be negotiated rather than awarded by public bid. Therefore, it follows that St. Bernard and SDT are also free to renew or otherwise extend said contract without competitive bidding. On the other hand, if the contract in question is an "exclusive franchise," *Page 3 
then the contract must be awarded in accordance with the public bid law and any renewals or extensions thereof are also subject to the public bid law.
As previously recognized by our office, the terms "exclusive franchise" and "non-exclusive franchise" are not defined by La.Rev.Stat. 33:4169.1.See Attorney General Opinion No. 09-0087. Further, La.Rev.Stat. 33:4169.1
does not define which public bid law is to be followed in the case of an exclusive franchise, nor does it specify what "other provisions of law" are to be followed. Notwithstanding, the Louisiana Third Circuit Court of Appeal decision in Gordon Construction Landfill, Inc. v. Iberia ParishGovernment, 2001-1244 (La. App. 3 Cir. 2/6/02), 815 So.2d 991, does provide some guidance on the meaning of these terms.
In Gordon, the Third Circuit stated:
 With the grant of an exclusive franchise, a public body cannot violate its agreement and grant a competing franchise to another corporation without compensating the owners of the first franchise. In effect, the grantor of an exclusive franchise removes from itself the power and authority to grant similar rights to others or to permit others to engage in the same activity for which the exclusive franchise was awarded. A non-exclusive franchise does not include the right to be free of competition, and does not prevent the granting of a similar franchise to others. 36 Am Jur 2nd, Section 33 Franchises, pp. 756-757; Town of Coushatta Vs. Valley Electric Member[.] Corp., 139 So.2d 822 (1962).
 Where the grant of a franchise is not exclusive, the public body is not precluded from granting a similar franchise, or from authorizing a similar activity which may greatly impair, or even totally destroy, the value of the former grant, and such damage is not a taking of the former franchise which entitled its owner to compensation. 36 Am Jur 2nd, § 32, Franchises, p. 757.
 The general rule is that a claim that an exclusive franchise or privilege has been acquired is not regarded favorably, and that, in the absence of an express provision to that effect, grants of franchises are not construed to be grants of exclusive privileges: as sometimes stated, a grant in general terms does not confer exclusive privileges. So, as a general rule, an exclusive franchise does not arise by implication. 36 Am Jur 2nd, section 32, Franchises, pp. 754-755.
 Gordon Construction Landfill, Inc., 815 So.2d at 995,996. *Page 4 
Turning attention now to the contract executed by St. Bernard and SDT, our review of the contract fails to reveal any mention or reference to an exclusive franchise. Although the contract was awarded pursuant to a RFP, there appears to be no language that specifically precludes St. Bernard from granting a competing franchise or awarding a similar, competing contract for the collection and disposal of waste and debris. Accordingly, since there appears to be no express provision granting an exclusive franchise, and since exclusive franchises are not regarded favorably and do not rise by implication, we are of the opinion that the subject contract executed by St. Bernard and SDT is a "non-exclusive franchise." As such, pursuant to La.Rev.Stat. 33:4169.1, the contract may be negotiated, renewed, and/or extended without competitive bidding.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/chb